FILED
SUPERIOR COURT
OF GUAM

2019 OCT 17 PM 12: 05

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT
# OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | Criminal Case No. CM0044-19 |
| | ) | |
| vs. | ) | **DECISION & ORDER** |
| | ) | |
| HARVEY ARUN KOSNU aka ARVY KOSNU | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo on Defendant's Motion to Dismiss on Deminimus Grounds (hereinafter "Motion") filed August 27, 2019. The People of Guam (hereinafter "People") did not timely file an opposition brief. Defendant Harvey Arun Kosnu aka Arvy Kosnu (hereinafter "Arvy") is represented by Assistant Public Defender Kathleen Aguon. The People are represented by Assistant Attorney General Jeremy Kemper. On January 23, 2019, the Attorney General of Guam charged Arvy with committing the offense of Criminal Trespass (As a Petty Misdemeanor). On October 10, 2019, at the calendared Pre-Trial Conference Hearing, Arvy requested the Court to review his Motion.

## ISSUE

Whether the Court will dismiss the prosecution of Criminal Trespass (As a Petty Misdemeanor).

## FACTS

1. On January 22, 2019, the Guam Police Department (hereinafter "Police") responded to information regarding a possible criminal trespass at the Hagatna Cathedral Basilica (hereinafter "Church").

2. Upon arrival at the Church, the Police met with a Church employee who informed them that a male individual was sleeping in the Church's garage.

3. The Police located the male individual sleeping in the garage of the Church.

4. Based on previous encounters with the male individual, the Police were able to identify him as Arvy.

5. On January 23, 2019, Arvy was charged with Criminal Trespass (As a Petty Misdemeanor) in violation of 9 G.C.A. § 37.30(a) and (b)(1).

6. On August 27, 2019, Arvy filed his Motion and the People did not timely file an opposition brief.

7. On October 10, 2019, requested the Court to review his Motion and no further arguments were made by either side.

## PRINCIPLES OF LAW

A person is in violation 9 G.C.A. § 37.30(a) and (b)(1) if they, without license or privilege to do so, enter or surreptitiously remain in any "habitable property" or building and do so despite being previously notified through actual communication not to do so. *See* 9 G.C.A. § 37.30(a) and (b)(1). "Habitable property" is defined as any structure, vehicle, or vessel adapted for the accommodation or occupation of persons. *See* 9 G.C.A. § 34.10(b).

The court on its own motion may dismiss a prosecution pursuant to § 7.67 of the Criminal and Correctional Code. 8 G.C.A. § 80.70(c)

Title 9 Section 7.67 of the Guam Code Annotated commands the Court to dismiss a prosecution under certain circumstances. The Guam Code provides:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67

## ANALYSIS

After reviewing the evidence and filed motion, the Court finds that it is obligated by law to dismiss the prosecution of Arvy for Criminal Trespass (As a Petty Misdemeanor). *See* 8 G.C.A. § 80.70(c) and 9 G.C.A. § 7.67(b). The Court acknowledges that Arvy was charged under 9 G.C.A. § 37.30(a) and (b)(1). To be appropriately charged under 9 G.C.A. § 37.30(a) and (b)(1), the offender must enter and remain in a "habitable property" or any building without being licensed, or privileged to do so, and the offender must have been actually ordered not to enter or remain on said "habitable property" or any building. "Habitable property" is defined as any structure, vehicle, or vessel adapted for the accommodation or occupation of persons. 9 G.C.A. § 34.10(b).

It is clear that these sections do not apply to the facts of this case. Arvy was alleged to have been sleeping in the garage of the Church after allegedly being told that he was not to.

The Court finds that the garage at the Church does not meet the definition of "habitable property" as laid out in 9 G.C.A. § 34.10(b) nor does it qualify as a building, it is more of a structure primarily used for storing a vehicle or vehicles. The Court holds that because the Church's garage is not a building nor does it meet the Guam Code's definition of "habitable property," Arvy did not violate 9 G.C.A. § 37.30(a). As for Arvy's alleged violation of 9 G.C.A. § 37.30(b)(1), the Court finds that although it is alleged that Ary was told by Church employees that he was not allowed to sleep on Church property, a court order was never issued which expressly stated that Arvy was not allowed on Church property.

Furthermore, the Court finds that Arvy's actions were not the harm or evil sought to be prevented under the law. *See* 9 G.C.A. 7.67(b). The Court finds that purpose of 9 G.C.A. § 37.30(a) and (b)(1) is to prevent or deter conduct that has a high likelihood of breaching the peace, the destruction of property, or personal injury. Arvy's actions did not destroy property nor did it cause any physical harm. Arvy's actions were marginally disruptive at most and simply tailored to meet the basic human need for shelter. While the Court finds Arvy's conduct unwarranted, the Court concludes that Arvy's acts are too inconsequential to justify the condemnation of a conviction. Accordingly, the Court dismisses the prosecution with prejudice.

**CONCLUSION**

The Court hereby GRANTS Arvy's Motion to Dismiss with prejudice.

SO ORDERED, this _17th_ day of _October_ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: _____

Date: _____ Time: 12:05

Deputy Clerk, Superior Court of Guam

Page 4 of 4